IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON JAVON FRANKLIN, MARIELLE TRAMANIE SMITH, SHERL DEAN BATISTE, and NICHOLES ANDREW KERR,<br><br>Defendant. | Case No. 24-CR-167-RAW |

## ORDER

Before the court is the Motion to Dismiss of Defendant William Clayton Brown ("Defendant Brown"). Dkt. No. 193. Defendant requests dismissal of Count 14, which charges him with Obstructing Justice by Retaliating against a Witness or an Informant pursuant to 18 U.S.C. §§ 1513(a)(1)(B) & 2 and Count 15, Tampering with a Witness or Informant by Attempting to Kill 18 U.S.C. §§ 1512 (a)(1)(A) & 2. Defendant Brown argues that pursuant to Fed. R. Crim. P. 12 (b)(3)(A)(ii) venue for these charges is not proper in the Eastern District of Oklahoma. Alternatively, Defendant Brown argues that 18 U.S.C. §§ 1512 (a)(1)(A) and 2 and 18 U.S.C. §§ 1513(a)(1)(B) & 2 expand the scope of venue beyond what's permissible in the Constitution.

Defendant Brown, along with another Defendant, Marrielle Smith, is accused of conspiring to kill Victim 2 to prevent Victim 2 from cooperating with the government. The government alleges that Defendant Smith and Defendant Brown discussed Victim 2 while in a transport vehicle located in the Federal courthouse in the Eastern District of Oklahoma. During this conversation, Defendant Brown allegedly agreed to kill Victim 2 with the help of "his brothers". Later, after

1

returning to the Cimarron Correctional Facility, Defendant Brown, along with three other individuals, allegedly stabbed Victim 2. Victim 2 was hospitalized after being stabbed 13 times. Dkt. No. 179 at 3.

Defendant Brown now argues that the second superseding indictment and the Government's Bill of Particulars both fail to properly allege that Defendant Brown intended to affect an official proceeding in the Eastern District of Oklahoma. Therefore, the venue in this district, as to Counts Fourteen and Fifteen, is improper. Furthermore, Defendant Brown argues that even if venue was properly alleged, the statutory provisions allowing for venue in this district are unconstitutional. Dkt. No. 193 at 12 citing 18 U.S.C. § 1512 (i) and 18 U.S.C. § 1513 (g).

We find that the Government properly alleged that venue and that the statutes do not violate the constitutional limitations on venue. Therefore, Defendant Brown's Motion [Dkt. No. 193] is DENIED.

1. **Adequacy of the Indictment**

The Second Superseding Indictment and the Bill of Particulars allege that Defendant Brown intended to impact an official proceeding in the Eastern District of Oklahoma. Dkt. No. 135 and 179. Therefore, the Government has alleged sufficient facts to lay venue in this district. When considering a motion to dismiss for lack of venue, the Court's review is limited to the face of the indictment. "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States* v. *Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). "Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency." *Id.*; *see United States* v. *Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (stating that the district court erred by considering "evidence that should only have been presented at trial"); *United States* v. *Forrest*, 182 F.3d 910 (4th Cir. 1999) (unpublished) (stating that "[w]hen

the motion to dismiss for improper venue is a pretrial motion, only the indictment may be considered. Evidence beyond the face of the indictment should not be considered.").

Venue in a criminal matter is proper in any district in which the offense was committed. F.R.Crim.P. 18; 18 U.S.C.§ 3237(a). When a defendant is charged with multiple counts, venue must be proper on each count. *United States* v. *Bowens*, 224 F.3d 302, 308 (4th Cir. 2000), citing *United States* v. *Smith*, 198 F.3d 377, 382 (2d Cir.1999). The government needs to prove facts supporting venue only by a preponderance of the evidence. *United States* v. *De Leon*, 641 F.2d 330 (5th Cir. 1981); *United States* v. *Martinez*, 555 F.2d 1248 (5th Cir.), cert. denied, 434 U.S. 924, 98 S.Ct. 404, 54 L.Ed.2d 282 (1977). In the context of obstruction of justice and witness tampering charges, the government does not need to allege or prove that the defendant intended to impede specific proceedings or hinder specific federal law enforcement officers, only that the proceeding was sufficiently foreseeable that the "natural and probable effect" of the planned conduct would cause interference with an official proceeding. *United States* v. *Aguilar*, 515 U.S. 593, 599, 115 S. Ct. 2357, 2362, 132 L. Ed. 2d 520 (1995) citing *United States* v. *Wood*, 6 F.3d 692, 696 (CA10 1993). Some courts have phrased this showing as a "nexus" requirement—that the act must have a relationship in time, causation, or logic with the judicial proceedings. *Id.* Additionally, while Congress may not constitutionally provide venue in a district where the crime was not committed, Congress may define what committed means in the context of different crimes. *See* 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 302 at 201 (2d ed.1982).

In the present case, the Second Superseding Indictment charges Defendant Brown in Count Fourteen with "attempting to kill Victim 2 with the intent to retaliate against Victim 2 for providing to a law enforcement officer information relating to the commission of a Federal offense." Dkt.

3

No. 135 at 10. In Count Fifteen, the Government charges the Defendant with attempting to kill Victim 2 with the intent to prevent the testimony of Victim 2 in an official proceeding. *Id.* The bill of particulars elaborates that Defendant Brown and Defendant Smith agreed to kill Victim 2 in retaliation for Victim 2's cooperation with law enforcement, and to prevent Victim 2's testimony in an official proceeding against Mariell Tramanie Smith, Jason Javon Franklin, and Sherl Dean Batise. Additionally, the government alleges that Victim 2 provided information regarding a federal offense that was investigated and being prosecuted in the Eastern District of Oklahoma.

The venue provisions of 18 U.S.C. §1512 and 18 U.S.C. §1513 clearly allow for venue in the Eastern District of Oklahoma, and the Government has alleged sufficient facts to support venue at this stage of the proceedings. A prosecution under 18 U.S.C. §1512 "may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred." 18 U.S.C. §1512(i). Similarly, a prosecution under 18 U.S.C. §1513 "may be brought in the district in which the official proceeding (whether pending, or about to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred. 18 U.S.C. § 1513 (g). Here, the Government adequately alleged facts to support that the Defendant intended to affect a proceeding in this district.

The Second Superseding Indictment and the Bill of Particulars clearly allege that Defendant Brown and Defendant Smith planned to have Victim 2 killed to prevent him from testifying against Mariell Tramanie Smith, Jason Javon Franklin, and Sherl Dean Batise in an official proceeding. The proceeding in question is being held in the Eastern District of Oklahoma, and the allegation that Victim 2 was planning to testify against specific defendants, Mariell Tramanie Smith, Jason Javon Franklin, and Sherl Dean Batise creates a sufficient nexus between

4

the planned acts and the official proceeding at issue. Therefore, the court will not dismiss the charges based on this argument.

### 2. The venue provisions of 18 U.S.C. § 1512 and 18 U.S.C. § 1513 are constitutional

The Defendant contends that even if venue was properly alleged that 18 U.S.C. § 1512 (i) and 18 U.S.C. § 1513 (g) are unconstitutional because they expand venue to districts where the defendant's actions are felt instead of confining venue to districts where the crime is committed. Dkt. No. 193 at 12. We disagree.

The United States Constitution requires that "Trial shall be held in the State where said Crimes shall have been committed" and in the "district wherein the crime shall have been committed." U.S. CONST. art. III § 2, cl.3; U.S. CONST. amend VI. The Federal Rules of Criminal Procedure acknowledge the constitutional mandates by requiring the government to "prosecute an offense in a district where the offense was committed" unless otherwise required by statute or rule. Fed. R. Crim P. 18. Although Congress may not constitutionally provide venue in a district where the crime was not committed, Congress may define where a crime is committed in the context of a particular offense. *See* 2 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 302 at 201 (2d ed.1982).

In the present case, the relevant statutes designate the venue as proper where the official proceedings were held, as well as where the alleged obstructive acts occurred. 18 U.S.C. § 1513 (g); 18 U.S.C. §1512(i). Multiple circuits have acknowledged this venue provision as constitutional. *See United States* v. *Hayden,* No. 20-40585, 2022 WL 73049, at *3 (5th Cir. Jan. 7, 2022) (unpublished)("To be sure it is a stretch to say that § 1512 (i) is unconstitutional given Congress' constitutional power to define where an offense occurs for the purposes of a venue analysis.") If the offense has some minimal contacts with the district, a crime can be committed in

a district other than the location of the defendant's acts. *United States* v. *Trie*, 21 F. Supp. 2d 7, 18 (D.D.C. 1998) ("The fact that an 'official proceeding' is taking place in a district and that there is an impact on the proceeding is sufficient. Congress' determination in this regard is an allowable exercise of its constitutional power.") These cases are also consistent with other cases discussing the required nexus between a defendant's actions and the venue, as well as Congress's ability to define venue. *See, Burton* v. *United States*, 202 U.S. 344, 387–89, 26 S.Ct. 688, 50 L.Ed. 1057 (1906) (venue for federal mail fraud is available where fraudulent letter is received, not just where mailed); *See* also *United States* v. *Johnson*, 323 U.S. 273, 275 (1944) (endorsing congressional power to define venue in the context of continuing offenses); *United States* v. *Kilpatrick*, 458 F.2d 864, 868 (7th Cir.1972) (venue for aiding and abetting is proper where the crime abetted was perpetrated even though the defendant acted elsewhere). Therefore, we disagree with the Defendant's contention that 18 U.S.C. § 1513 and 18 U.S.C. §1512 are unconstitutional because they provide for venue in the district where the official proceedings are intended to be impacted.

In sum, because the Government properly alleged venue and the challenged venue provisions are not unconstitutional, the Defendant's Motion to Dismiss for Lack of Venue [Dkt. No. 193] is hereby DENIED.

**IT IS SO ORDERED** on this 10th day of December 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**